Thomson, J.
Suit by the plaintiff in error on a bond executed by Sophy D. Saufley and Robert C. Saufley, as principals, and the defendant in error, as surety. The bond was conditioned for tbe satisfaction and ex-tinguishment by the principals of an incumbrance upon -real estate sold and conveyed by them to the plaintiff, which condition was alleged to have been broken. The only answer in the case was made by the surety. It alleged that the consideration of the conveyance to the plaintiff was the sale by Crin C. Waid, the plaintiff’s husband, to the Saufleys, of a herd of cattle in New Mexico, of which he represented himself to be the owner by purchase from one Miguel Salazar, in whose care he had left them, at Las Conchas ranch; that this defendant became surety for the Saufleys at the solicitation of Mr. Waid, who affirmed, as of his own knowledge, the truth of his representations to the Saufleys, and, to induce Hobson *57 to become such surety, offered to assign the bill of sale from Salazar to him, to enable him to protect himself as surety by taking the cattle into his own possession, and selling a sufficient number to discharge the obligation, delivering the residue to the Saufleys, and gave Hobson his personal guaranty that the cattle were where he had represented them to be, and that they would be turned over to Hobson when called for; that thereupon Hobson affixed his signature to the bond; that thereafter Hobson, by his agent, demanded of Salazar the cattle mentioned in the bill of sale, but failed to receive them or any of them; and that Salazar did not have the cattle, nor •any of them, at Las Conchas ranch, or elsewhere. The reply was a general denial. The trial resulted in a verdict and judgment for the defendant. The plaintiff brings the record here by writ of error.
The testimony was conflicting, but there was enough to sustain the verdict; and if no error occurred at the trial, and the case was properly submitted to the jury, the judgment must be affirmed. The plaintiff alleged error in the following particulars: First, the opening and closing were conceded to the defendant. In his opening statement, defendant’s counsel read the pleadings to the jury. The plaintiff’s objection to the reading of the defendant’s answer was overruled. Second, conversations between one A. C. Bartow and Mr. Saufley, and between Orin C. Waid and Mr. Saufley, prior to the execution of the bond, were admitted in evidence against the objection of the plaintiff. Third, the objection of plaintiff to evidence of the oral guaranty given by Mr. Waid to Hobson was disregarded. Fourth, the court refused an instruction which, so far as we can see, was a correct statement of the law in a ease where relief is sought on the ground of false and fraudulent representations; it refused an instruction *58 that to enable the defendant to avail himself of the defense of failure of consideration, he must return the bill of sale. It refused to instruct that the guaranty given by Mr. Waid to Hobson was void in law, and it declined to say that if the defendant could have protected himself against the false representations of Mr. Waid by ordinary care and prudence, he could not avail himself of a defense of fraud.
1. The details of the trial are largely within the discretion of the trial court. It does not appear that the court abused its discretion by permitting the answer to be read, or that the plaintiff was harmed by the reading. Further, the plaintiff acquiesced in the reading of the complaint; and, as that was before the jury, common fairness required the reading of the answer also. Still further, the abstract shows that no reason was given for the objection to the reading of the answer. In a trial, an objection, without a reason, is worthless. To simply say “I object,” amounts to nothing.—Higgins v. Armstrong, 9 Colo. 38; Nelson v. Bank, 8 Colo. App. 531.
We find no error here.
2. Bartow was the agent- of Waid to dispose of the bill of sale, and the conversations between him and Saufley, and also that between Mr. Waid and Saufley, took place while the negotiations which resulted in the conveyance to Waid, and the transfer of the bill of sale to Hobson, were pending, and related to the particulars of the transaction. The evidence was not objectionable as tending to vary or contradict the terms of a valid written instrument. It had no reference to the contents of the bond. It struck deeper. The purpose of its introduction was to impeach the bond; and the position of the plaintiff, in relation to the evidence, is untenable. — 1 Greenleaf on Evidence, § 284.
But whatever might have been the importance *59 of the conversations if the Saufleys had been in court, they were of no special benefit to this defendant. However, if they were immaterial, they were harmless.
3. The oral guaranty of Waid was not void in-law. It was the consideration upon which Hobson signed the bond. It was not the Saufleys, but Waid, who prevailed upon Hobson to become surety. The latter was to derive no advantage from the transaction ; and it was not until, by the guaranty of Waid, he believed himself protected against loss, that he affixed his name to the instrument. Plaintiff’s counsel seems to think the guaranty was a promise to answer for the debt or default of Salazar. If he has given a reason for his belief, we have failed to understand him. The guaranty was an original contract between Waid and Hobson, whereby, in consideration of Hobson’s signature, Waid warranted the existence of conditions which rendered loss to him impossible. If Waid gave the guaranty, believing that it was of no effect, hut that Hobson could not escape from his signature, after having, in reliance upon the guaranty, affixed it to the bond, he was the victim of a mistake.
4. The refusal of the court to instruct, as requested, was eminently proper. This defendant relied upon the breach of Waid’s guaranty, and not upon any fraudulent practices of which he may have been guilty, and no instruction relating to fraud was necessary. Indeed, as to this defendant, it would have been improper. The evidence showed that the bill of sale had been lost, and therefore could not be returned. It was not incumbent upon Hobson to make inquiry, or use any care or diligence to project himself against the possible falsity of Waid’s statements. He had Waid’s positive personal guaranty, and that was enough. As we have seen, that' *60 guaranty was valid, and to give the instruction requested by the plaintiff that it was not, would have been gross error.
The instructions which the court gave accord with the views expressed in this opinion; and as the record is otherwise free from error, the judgment must be affirmed. Affirmed.